Nancy L. **FULLER**, Plaintiff–
Appellant,

v.

**Michael J. ASTRUE, Commissioner
of Social Security, Defendant–
Appellee.**

No. 10–17734.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2012.*

Filed March 15, 2012.

Eric G. Slepian, Esquire, Slepian Law
Office, Phoenix, AZ, for Plaintiff–Appellant.

David Blower, Assistant Regional Counsel, Social Security Administration, Denver, CO, Michael A. Johns, USPX–Office
of the U.S. Attorney, Phoenix, AZ, for
Defendant–Appellee.

Before: GRABER, BERZON, and
TALLMAN, Circuit Judges.

MEMORANDUM **

Nancy Fuller appeals the denial of her
application for social security disability insurance benefits. Because we conclude
that the Commissioner's decision was
based on the correct legal standards and
supported by substantial evidence, *Pagter*

*v. Massanari,* 250 F.3d 1255, 1258 (9th
Cir.2001), we affirm.

1. The administrative law judge
("ALJ"), whose decision the Commissioner
affirmed, articulated specific and legitimate reasons for rejecting the opinion of
Dr. Riley, Fuller's treating physician. *See
Orn v. Astrue,* 495 F.3d 625, 632 (9th
Cir.2007). The ALJ noted that specialists
who examined Fuller disagreed with Dr.
Riley's conclusion that she was disabled.
*See* 20 C.F.R. § 404.1527(d)(5). Dr. Lee
noted that Fuller's myeloproliferative disease did not cause symptoms and that she
felt well; Dr. Lipschultz noted that Fuller's lungs were generally clear and that
she stabilized nicely with medication; and
Dr. Dilla analyzed an MRI of Fuller's back
and concluded that she was not disabled.
The ALJ also observed that Dr. Riley's
opinions were conclusory and did not provide supporting evidence. *See Lingenfelter v. Astrue,* 504 F.3d 1028, 1045 (9th
Cir.2007).

2. The ALJ did not err in failing to
explicitly state Fuller's mental limitations
in his assessment of her residual functional
capacity. None of Fuller's mental limitations was inconsistent with the ALJ's conclusion that she was able to perform unskilled, "simple, repetitive work." *See
Bray v. Comm'r of Soc. Sec. Admin.,* 554
F.3d 1219, 1228–29 (9th Cir.2009). Dr.
George noted that "the test results do not
suggest difficulties to function on a job";
Dr. Waldman found Fuller "capable"; and
Dr. Berman rated Fuller "unlimited" in
most categories of job skills.

3. The ALJ made "specific findings
stating clear and convincing reasons" for
rejecting Fuller's subjective complaints.
*See Smolen v. Chater,* 80 F.3d 1273, 1284
(9th Cir.1996). Fuller's subjective com-

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

plaints were contradicted by the medical record, including the testimony of treating physicians, who concluded that she was not seriously impaired, and clinical observations of her sensation, strength, gait, reflexes, and range of motion. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir.2008).

4. The ALJ's use of the Medical–Vocational Guidelines (the "Grids") was not improper. Fuller's non-exertional limitations were not "sufficiently severe so as to significantly limit the range of work permitted by [her] exertional limitations." *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir.2007) (internal quotation marks omitted). Although the ALJ did err in applying the Grids for "light," rather than "sedentary," work, this error was harmless. *See Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir.2011).

AFFIRMED.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.